Matthias, J.
Although the appellant assigns nine different errors, such errors raise only two actual questions. First, was functional depreciation properly considered in the valuation of appellant’s property?, and, second, was the equalization program of the Board of Tax Appeals a valid exercise of its power under the applicable statutes?
The appellant contends that the original valuation placed upon its property by the county auditor was excessive, basing its contention primarily on the premise that an insufficient amount was allowed for functional depreciation or obsolescence.
Functional depreciation occurs where property, although still in good physical condition, has become *365 obsolete or useless due to changing business conditions and thus, to all' intents and purposes, valueless for tax purposes. B. F. Keith Columbus Co. v. Board of Revision, 148 Ohio St., 253, 74 N. E. (2d), 359.
There is no dispute that this building is used for department-store purposes.
The appellant contends that, although its building is sound structurally, it is totally inadequate for use as a department store because of lack of floor space and its height of 12 stories, and that for department-store purposes the floors above the third are economically unproductive. The unsupported testimony of appellant’s expert is to this effect but failed to show, even on inquiry, a sales loss ratio in regard to merchandise sold on such upper floors. There is no evidence other than this as to functional obsolescence.
Where a taxpayer is claiming a greater than ordinary amount for depreciation due to functional obsolescence, the burden is upon the taxpayer to establish such fact by competent evidence, and such burden is not sustained where the only evidence introduced as to such fact is the unsupported opinion of a witness for the taxpayer, who fails, though requested to do so, to substantiate his opinion with facts and figures.
In view of the record before this court we cannot say that the decision of the Board of Tax Appeals in this respect was unreasonable or unlawful.
The sole question before the Board of Tax Appeals on the appeal from the Board of Revision was whether the property in issue is valued at its true value in money. It having been determined that the order of the Board of Tax Appeals is reasonable and lawful, the appellant has not shown that it was injured by the action of the board, and one who is not injured thereby cannot question the validity of a statute or an order of an administrative body. The fact that others may have property which is valued at less than its *366 true value in money is not a denial of equal protection to the appellant because of the rights available to it under Section 5609, General Code, which provides for filing a complaint as to undervaluations of the property of others and therefore is not an issue which may be raised by the appellant in this case.
The facts upon which is predicated the complaint of the appellant as to the equalization program of the Board of Tax Appeals are as follows:
The Board of Tax Appeals, pursuant to House Bill 644 of the 98th General Assembly, entitled “An Act to Equalize the Real Property Valuations within the State for the Purpose of Taxation,” determined, on October 10,1951, to enter into an equalization program and notified the county auditors of the board’s intention to apply this equalization program. The auditors were given an opportunity to equalize the values of parcels of real property in their counties so that, when the board did act, the horizontal increase or decrease would not perpetuate and aggravate any inequalities between parcels of real estate in the same county.
The board adopted a standard method of valuation, that of a willing seller to a willing buyer, sent examiners into the field to make an accurate determination of existing valuations used for tax purposes, and developed what was called the sales-ratio method, that is, in each county examinations were made of real estate sales for the tax years of 1946, 1947 and 1948, and a ratio of the tax value to the sales consideration for that county was determined. The board then, after consideration of the inflated market value of real estate and various other factors, determined, as the first step of the general equalization program, that the aggregate tax valuations in each county should be adjusted to bring them up to at least 50 per cent of the sales price. In Hamilton County, with which we are concerned, it was determined that a 10 per cent increase *367 of the valuations in the aggregate would produce this result.
The appellant contends that the board should have classified real property, that the samples used by the board were primarily residential, that the board has no authority to use an arbitrary 50 per cent of sales price ratio, and that the increase was not applied properly by the board.
Section 5613, General Code (Section 5715.24, Eevised Code), under which the board acted in its equalization program, provides as follows:
“The Board of Tax Appeals of Ohio annually, at a meeting to be held at its office in Columbus, on the first Monday in August, or on such date thereafter to which such meeting may be adjourned, shall determine whether the real property, and the various classes thereof, in the several counties, cities, villages and taxing districts in the state, have been assessed at the true value thereof in money, and if it finds that the real property, or any class of real property, in any county, city, village or taxing district in the state as reported by the several county auditors to it, is not listed at its true value in money, it shall increase or decrease the aggregate value of the real property, or any class of real property, in any such county, township, city, village, or taxing district, or in any ward or division of a municipal corporation, by such rate per cent, or by such amount as will place such property on the tax list at its true value in money, to the end that each and every class of real property shall be listed and valued for taxation by an equal and uniform rule at its true value in money.”
Before entering into a discussion of the board’s actions in its equalization program, we should consider the relative positions of the Board of Tax Appeals and the county auditors in relation to tax valuation.
Dnder the Ohio tax system the primary duty of *368 valuation by parcel falls upon the county auditor. It is Ms duty to appraise and evaluate the real estate in his county, parcel by parcel, and to place upon each parcel a fair valuation. In the event a taxpayer is dissatisfied with such valuation he may appeal to the county Board of Revision and from there to the Board of Tax Appeals.
The Board of Tax Appeals has general supervisory jurisdiction over the valuation of the property in each county as a whole and jurisdiction as to individual parcels only as an appellate body on complaint of a taxpayer.
The purpose of Section 5613, General Code (Section 5715.24, Revised Code), is to equalize the tax valuations among all the counties.
“Equalization of taxes, it has been said, is the adjustment of aggregate values of property as between different taxing districts, so that the value of the whole tax imposed on each taxing district shall be justly proportioned to the value of the taxable property within its limits in order that one county or taxing district shall not pay a higher tax in proportion to the value of its taxable property than another.” See 51 American Jurisprudence, 681, Taxation, Section 741.
This is the duty imposed on the Board of Tax Appeals under Section 5613, General Code; to deal with the aggregate valuation of the property in each county and not with any individual parcels. Hammond, Treas., v. Winder, 100 Ohio St., 433, 126 N. E., 409, 24 A. L. R., 318.
The appellant contends, however, that it is the duty of the board to classify property in establishing its equalization program. It is clear that, although the board has authority if it so desires to classify property under the authority of Section 5613, General Code, no mandatory duty; to make such classification *369 is imposed upon the board, and when the board, within its discretion, determined that the equalization program could best be accomplished without classification, in the absence of an abuse of such discretion, such action was valid.
In the present case, the Board of Tax Appeals, before making its equalization increase, gave each county auditor an opportunity to adjust the values, and in the absence of proof to the contrary it is presumed that each county auditor fulfilled this duty in his county. Under such circumstances it cannot be said the Board of Tax Appeals acted unreasonably in failing to classify property as a part of its equalization program.
The appellant complains that primarily residential property was used by the board in determining the sales ratio-tax valuation percentage to apply to the valuation. The record as to this matter is not clear, and in the absence of a clear showing it will be presumed that the board acted properly and applied proper standards. Wheeling Steel Corp. v. Evatt, Tax Commr., 143 Ohio St., 71, 54 N. E. (2d), 132.
In connection with this argument appellant urges that the arbitrary 50 per cent minimum valuation to sales price imposed by the board is not such a valuation as to constitute true value.
Valuation of real estate for tax purposes is a matter largely within the discretion of the tax officers. It must be remembered that the Board of Tax Appeals in performing its duties under the equalization program was dealing with the value of the property of each county as an aggregate and was not concerned with the valuation of any particular parcel, which is a matter primarily for the county auditor. The Board of Tax Appeals did not find that the true value of each particular parcel within a county was 50 per cent of the selling price.. The board’s determination was that, *370 for the purposes of taxation, the real property within each county, taken in aggregate, should be valued at a minimum of 50 per cent of the sales price determined by the sales price-tax value ratio. Keeping in mind that the board was dealing with the valuation in aggregate of the property in each county, this is certainly a uniform method of valuation.
Real estate values fluctuate and it would be literally impossible for a tax body to determine the exact valuation of each parcel within a taxing district on assessment day. In determining a valuation for equalization purposes it is almost imperative that the tax body develop some formula to apply to the valuation of property, and, where no mode or method and no yardstick are set up in the equalization statutes, any efficient mode or method may be adopted. 3 Cooley on Taxation, 2395, Section 1196.
Here the Board of Tax Appeals made a survey of real estate sales over a period of three years, compared the sales price with the tax valuation and developed a sales price-tax value ratio and then, considering the present inflated value of real estate, determined that a 50 per cent minimum imposed on county property in aggregate would represent a true value for tax purposes. Under such circumstances it cannot be said that the method employed by the board was contrary to its powers under Section 5613, General Code (Section 5715.24, Revised Code), or was an abuse of discretion.
The appellant raises numerous constitutional objections to the valuation of its property, claiming in essence that it is overvalued, partially as a result of such horizontal increase. This is a matter for the local authorities to determine in the first instance, and even if such fact is true, where the action of the board was valid, the taxpayer cannot raise such objection as an *371 attack on the validity of the general equalization program.
It was held in First National Bank of Greeley v. Patterson, 65 Colo., 166, 176 P., 498, that the fact that there is a possible overvaluation of a taxpayer’s property as a result of a flat increase ordered by a state Board of Equalization upon the aggregate value of all property within the county imposed in conformity to law does not act to deprive the taxpayer of any constitutional or statutory right.
These, then, are our conclusions:
I. Where a taxpayer asserts that functional depreciation should be considered in valuing his property for the purpose of taxation, the burden is upon the taxpayer to demonstrate by competent evidence that such depreciation exists, and where his only evidence is the opinion of his own expert witness, unsubstantiated by any facts or figures, a decision of the Board of Tax Appeals refusing to recognize such depreciation is not unreasonable or unlawful.
II. Equalization is a matter which deals with the valuation of the real property of each county, in the aggregate, and does not relate to the valuation of any individual parcel of property, which is a matter primarily for the local authorities, and, where the Board of Tax Appeals adopts a reasonably efficient mode of valuation and applies it uniformly as to all counties, the board acts within its statutory powers and its actions are valid.
It follows from what has been said that the decision of the Board of Tax Appeals should be, and it hereby is, affirmed.

Decision affirmed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Bet.t,, JJ., concur.
Taet, J., concurs in paragraphs one, two and three of the syllabus and in the judgment.